Lipscomb, J.
The record is so very defective, and leaves it so uncertain as to what defenses had been ruled out on the exceptions of the appellee, that we cannot notice any supposed error that may have been committed by the court in relation to such rulings. There is nothing that we can examine but such questions as have been presented by the several bills of exception, the charges of the court, and the statement of facts.
The first bill of exceptions shows that “the defendant offered the book of “records of the county clerk’s office to show an outstanding title to said land, “defendant admitting at the same time that he did not claim under said outstanding title, which testimony was ruled out by tlie court.”
If tlie question had been presented whether it was competent for the defendant to set up in his defense, when sued to recover laud of which he was possessed, that there was a superior outstanding title to the plaintiffs, we have no doubt that -he could have done so, without its being pleaded specially under our statute authorizing the defendant in such eases to offer in evidence any matter material to his defense under the plea of not guilty, Snell evidence would certainly be material to the defense, because the plaintiff must recover upon the strength of his own title, and not upon tlie weakness of tlie defendant’s. There are objections to the manner in which tlie bill of exceptions is framed that would justify the ruling of tlie court, or at least it would show there, was no sufficient ground for reversing' tlie judgment. The evidence may not have been ruled out on the ground that it was iiot lawful for the defendant to defend himself by showing an outstanding superior title to the plaintiff’s. There, might have been exceptions to the kind of evidence offered; lienee tlie necessity of a party excepting to the decision of the court excluding evidence showing in his bill wliat tlie evidence substantially was that he wished to use in liis defense. This is not shown by the exception ; it may have been inadmissible on other grounds. It does not show who is the holder of this outstanding title, and it does not set up or show that tiiis outstanding tille is superior (o the plaintiff’s. It only showed an offer to prove “an outstanding “title.’’ It should be an outstanding superior title, to make it available to the defendant. The mere fact of there being an outstanding title would not be a defense. Tlie defendant offered tlie proof by reading from *253 the record hook of the county clerk. The law makes no provision for the original hooks of record of another court being' read as evidence, hut provides for certified copies. But these cannot be read if the original can be produced. If the original has been recorded, it may be read in evidence on filing it in ■court in the papers, of such suit in which'lie proposes to use it at least three clays before the commencement of tiie trial of suit, and giving notice of such filing to the opposite party or his attorney of record. (See I-Iart. Dig., art. 74i5.) It would be an evasion of the law cited to permit the original record book to he read in evidence, if otherwise unobjectionable, without notice to the opposite party. The record book should not have been read as evidence.
‘'The next bill of exceptions shows that the defendant “offered testimony “to prove that Ann Gray, who is a grantee or patentee under the State and “under whom plaintiff claims as heir, was never a married woman, a widow, “ or the head of a family,” which testimony was ruled out by tiie court. The mere, naked fact of the patentee never having had tiie qualification entitling her to receive a portion of the domain unconnected with fraud cannot avail in defense against the patentee or her heirs. If she had by fraudulently representing that she had the requisite qualifications, or by tiie testimony of perjured witnesses, procured the patent, it could, on that ground, be impeached by any one holding a junior hut a just and lawful title, if there was no other obstacle to such junior title but the one obtained by fraud; and such junior title would he sustained by showing that the first had been so fraudulently obtained, on the principie uniformly maintained in this court that a title so obtained was an absolute nullity and can afford no legal ground of action or defense. But admitting it to be true that the patentee did not possess the legal qualifications, if there has been no fraud on her part the different Boards of Laud Commissioners and the Commissioner of the General Land Office having passed upon her evidences of qualifications, those evidences cannot now be called in question. She may not have had the necessary qualifications, hut she may have thought she had, and the Board of Land Commissioners way have thought honestly that she possessed the requisites qualifications. She may have been a single, lone woman, living by her honest industry in her lonely cabin, without having any human being associated in the family circle, and she may, under such circumstances, have believed that it constituted her the head of family; and if the Commissioners, whose duty it was to pass upon the evidence of her qualification, decided in her favor, upon which the patent issued, in the absence of fraud, it would be too late to raise the objection to her title; It is too much to require that the patentee and those claiming under her should be called upon, through all time, to show that every legal requisite had been complied with, and particularly to he called upon to show that proofs had been made in cast's depending upon verbal or parol evidence, of which no record was kept or required by law to bo kept. And when it is considered that the evidence of her having t lie requisite qualifications to receive a headright luid been subjected to tiie judgment and approval of tiie Board of Lund Commissioners of the county, and had by them been approved, and again examined and approved by the Traveling- Board, and finally approved by the Commissioner of the General Land Office, who, if lie had any doubts, was required by the statute to take the opinion of the Attorney General, surely it is time the subject should be put at rest.
The next hill of exception is to the refusal of the court below to admit evidence offered by tiie defendant to show that the land included in the plaintiff’s patent was never surveyed under or by virtue of the certificate of the patentee, Ann Gray, hut that the field notes were made under a different certificate, and ■transferred to patentee after defendant’s location and survey, which evidence the court ruled out. It is not believed that the court erred in ruling out the evidence so offered, because if the plaintiff’s location was before the defendant’s it would give the preference to her, and it is not material if the survey had been made under a different certificate, hut subsequently applied to the plaintiff’s prior location. Suppose that the survey had been made on a certifi- *254 cato which was afterwards raised, or on one found to be invalid, there could be no sort of objection to the surveyor’s applying- his work to a good and valid certificate previously located. It would be worse than useless to require him to do bis work over ag-aiu when he could verify its correctness without such useless labor and expense.
Tlie fourth and last of tho appellant’s bills of exception shows “ that the “defendant offered evidence to attack tho correctness of the surveyor’s record, “ and to show fraud in the dates of the location and survey of Ann Gray, which “was ruled out by court.” There can be no doubt that it was competent for the defendant to show that the record of the surveyor was fraudulently incorrect ; and if so fraudulently made by him to give preference oyer an older location, such fraud would vitiate the entry so made with that intent aud sustain the rights of the party really entitled to the preference; and what we have said in discussing the second hill of exceptions upon the effect of fraud super-cedes the necessity of its further discussion. This bill of exceptions is, however, subject to the same objection raised to the one referred to: it is too vague and uncertain as to the character of the evidence by which the defendant sought to establish the fraud to enable this court to say whether the court below,erred in ruling out the evidence offered. We have already sufficiently expressed our view upon this question.
There was a verdict and judgment for the plaintiff, and a motion for a new trial, which was overruled. On examining the statement of facts we see no error in tho court’s refusing a new trial. The general charge of the court was not excepted to; and on applying it to the statement of facts there is no apparent error in it. The judgment is therefore affirmed.
Judgment affirmed.
Note 88. — Burlison v. Burlison, 28 T., 383; Hooper v. Hall, 35 T., 82.
Note 89. — -The original documents mid records containing tho proceedings in the probato courts of that State are admissible in evidence. Tlio case of Styles?;. Gray is to the effect that the record books of deeds are not admissible, any more than copies from them, to prove a deed without accounting for the non-production of the original. (Houze v. Houze, 16 T., 598; Peck v. Clark, 18 T., 239.
Note 90. — Hatch v. Dunn, 11 T., 708; Ruiz v. Chambers, 15 T., 586; Johnston v. Smith, 21 T. 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134.