| 6 | 405 |
|---|---|
| 102 | 97 |

</div>

## Rogers v. Vass.

The provision in the act entitled "An act in relation to the Swamp Lands of this State," approved January 24, 1857, which provides that the act shall not apply to the actual settlers on said lands at the time of the passage of the act, has legal reference to the time of the taking effect of the act, and not to the time of its passage.

The district court possesses jurisdiction to set aside a certificate of preemption, granted by the county judge, under the act entitled "An act to prevent trespass or waste on swamp or other lands in the State of Iowa, and for other purposes," approved January 25, 1855, where the same has been obtained by fraud and misrepresentation.

In a proceeding to set aside a certificate of pre-emption of swamp lands,

granted by a county judge, on the ground that the same was obtained by fraud and misrepresentation, it is not necessary to make the county judge a party.

Where a party who has obtained a certificate of pre-emption of swamp lands, has not complied with the statute, and had no right of pre-emption, it is competent for any one to enter upon the land, make his improvements and claim the pre-emption, although such entry and improvements were made after the granting of the certificate.

Where a party claiming a right of pre-emption to certain lands, brought his bill in equity to set aside a certificate of pre-emption of the land, granted by a county judge, alleging that, on the first of June, 1857, and immediately subsequent thereto, he *bona fide*, commenced and built a dwelling on the said land, with the intent to reside thereon, and cultivate the same; that within sixty days thereafter, he filed his claim before the county judge of Fremont county, and offered proof of his improvement, but the county judge refused to grant him a certificate of pre-emption, or to allow his claim, upon the alleged ground that the respondent had, before that time received a certificate of pre-emption to three-quarters of the same quarter; that the said respondent had not made any improvements or settlement upon the said land; and that his certificate was obtained by fraud and misrepresentation, and was void; to which bill there was a demurrer, which was sustained by the court; *Held*, That the court erred in sustaining the demurrer.

*Appeal from the Fremont District Court.*

WEDNESDAY, OCTOBER 13.

The complainant claims a right of pre-emption to the south-east quarter of section thirty-four, in township sixty-nine, north range forty-three west, under the act of Congress of the 20th of September, 1850, and the acts of the general assembly of Iowa, of January 15, 1853, (Acts of 1853, 29), and of 25th of January, 1855, (Acts 1855, 228). He sets forth, that on the first of June, 1857, and immediately subsequent thereto, he *bona fide*, commenced and built a dwelling on the said land, with the intent to reside thereon, and cultivate the same, and within sixty days thereafter, filed his claim before the county judge of Fremont county, and offered his proofs of such his improvement, but the county judge refused to grant him a certificate of pre-emption, or to allow his claim, upon the alleg-

ed ground that the respondent had, before that time, received a certificate of his right to the pre-emption of three quarters of the same quarter. The petitioner's bill is brought to set aside the certificate of the defendant, upon the alleged ground that it is void; and he alleges that the defendant had not made any improvement or settlement upon the said land, and that his certificate was obtained by fraud and misrepresentation, and that the same is void. The respondent demurred to the bill, assigning ten causes, (which are sufficiently noticed in the opinion of the court), which demurrer was sustained, and the plaintiff amended. The petitioner obtained a conditional default under the rules, and at the March term, 1858, moved a confirmation of the default, which the court overruled, and dismissed the bill. The complainant appeals.

*Rector & Harvey*, for the appellant, cited Story's Equity Pl., sec. 72, 77, 232; 4 Bouv. Inst., 320; *Sands* v. *Codwise*, 4 Johns., 464, note *a ;* 2 Hill. Real Prop., 433, and notes; Ib., 450; *Arnold* v. *Grimes*, 2 Iowa, 18; 2 Bacon's Abridge., 775; 1 Bouv. Inst., 226; 2 Ib., 437; 3 Ib., 669; 2 Par. on Cont., 66; Story on Cont., sec. 393; Chitty on Cont., 206; 2 Kent, 234, 453; 5 Gillman, 574; *Scott* v. *Purcell et al.*, 5 Blackf., 67; *Anderson* v. *Roberts*, 18 Johns., 575; *Manhattan Co.* v. *Evertson*, 6 Paige, 467; *Doe* v. *Manning*, 9 East, 58; *Bridge* v. *Eggleston*, 14 Mass., 245; 12 Ib., 456; *Goodwin* v. *Hubbard*, 15 Ib., 210; *Richard* v. *Ham*, 14 Ib., 137; *Gilbert* v. *Hoffman*, 2 Watts, 66; *Edgell* v. *Lowell*, 4 Vermt., 405; *Walmsley* v. *Demattos*, 1 Burr, 474; *How* v. *Ward*, 4 Greenl,, 195; 1 Johns. Ch., 512.

*Bates & Phillips*, for the appellee, relied upon *Kerr* v. *Stewart*, Morris, 433; *Green* v. *Stuben Co. Bank*, 1 G. Greene, 447; *Harmon* v. *Chandler*, 3 Iowa, 150; *Stutsman* v. *School District No. Two*, 1 Iowa, 94; *Floyd* v. *Mosier*, Ib., 512; *Ayres* v. *Campbell*, 3 Iowa, 582; *Mitchell*

v. *Wiscotta Land Co.*, 3 Ib., 209 ; *Brewington* v. *Patton & Swan*, 1 Ib., 121 ; *Lampson* v. *Platt*, 1 Ib., 556.

WOODWARD, J.—The point made by the defendant upon the default, cannot be considered, for the reson that it depends upon the rules of the court, and these are not made a part of the case, nor is it in any way before us.

But the principal questions arise upon the sustaining the demurrer to the bill. It is not necessary to set out the numerous causes of demurrer. They are all embraced in two or three, which aver that the petitioner does not show that he had any claim of right at the time when Vass proved up his claim; that he does not show that he was defrauded by Vass obtaining his certificate, inasmuch as defendant had no equitable right as a pre-emptor at that time; and that if the county was defrauded as alleged, third parties, who do not show that they were injured at the time, have no right to complain. It is true that, as defendant urges, the error in sustaining the demurrer, is waived by the amendment; but as the court dismissed the bill for want of equity, the same questions again arise, as well as others presented by the respondent.

A prominent objection made by the defendant is, that the right of pre-emption was taken away by the act of 24th of January, 1857, (Acts 1857, 127), which repealed all prior acts allowing a pre-emption on the swamp lands ; but with a proviso saving all actual settlers on said lands at the time of the passage of said act. As the act was passed in January, and the petitioner began his improvement in June, the defendant insists that the former acquired no right of pre-emption, he not being a settler at the passage of the act. But the objection is not well founded. This, and similar expressions, in statutes, has legal reference to the time of their taking effect. No other construction would be consistent with that requirement of the constitution, which provides that the laws shall be published before they take effect. The defendant's construction would give it the same effect, as if it

provided for going into force at its passage. The plaintiff having made his improvement and acquired his right, during the existence of the law, its repeal will not take it away, though he may not have obtained his certificate before the repeal.

Again: the respondent contends that this court has no jurisdiction in the case, and that the district court could not have it, through this bill. He argues that the original cognizance of claims on the swamp lands, is in the county court, and that an appeal lies to the district court, whose decision is final. He then contends that the plaintiff should apply to the county court, as he did, and if that court will not hear his claim, on account of a certificate previously granted, he should apply for a mandamus, and on a hearing contest the previous claimant's right. These objections proceed upon an erroneous view of the character and object of the present proceeding. The complainant claims the right of pre-emption, and offers his proofs. The county judge refuses his application, because a prior claim has been allowed on the same land. According to the decision in *Arnold* v. *Grimes*, 2 Iowa, 18, the county judge could not set aside the certificate granted by him, but the question belongs to the courts of the state. The petitioner, therefore, goes into a court of chancery to cause that certificate to be declared of no force.

A settlement or improvement on the land, is an essential condition · precedent to the right of pre-emption, and the foundation of the complainant's bill, is the allegation, clearly and repeatedly made, that Vass had made no improvement, and that his certificate was obtained through fraud and misrepresentation. If the petitioner can show these things, it is his right to do so, and the effect would be to invalidate the certificate granted to Vass. The case is of the same character as some in the books, in which certificates granted by the land officers of the United States, have been set aside. It is not asked, nor expected, that this court, nor the district court, under this

bill, should grant the plaintiff's claim to pre-emption; but that, the certificate of the defendant being set aside, the plaintiff can go before the county judge, and prove his claim, without having this obstruction in his way.

The objection that the county judge is not made a party defendant, is without weight. There is no occasion for his being brought in as a party. Nor is it of any weight that the claim of Vass did not conflict with any prior claim of Rogers. If the former had not complied with the statute, and had no right of pre-emption, it was competent for any one to enter upon the land, make his improvement, and claim his pre-emption, although it were after the allowance of the certificate to Vass. There being no improvement on the land, it was subject to the entry of any one. Much of the defendant's argument goes upon the erroneous idea, that the case is brought to this court upon error of law, instead of being an appeal in chancery, which opens the whole case.

The defendant should be held to answer the bill, and the decree is therefore reversed, and the cause remanded, with directions to proceed in accordance with this opinion.