### GIVENS v. DECATUR COUNTY.[1]

1. PRE-EMPTION OF SWAMP LANDS. When the evidence showed that the plaintiff, in the month of July, 1857, resided in Leon, Decatur county; that he entered upon a tract of swamp land, ten miles distant, and cleared about one eighth of an acre, and raised a log house four or five rounds high; that in August he removed with his family from Leon to Muscatine county, where he continued to reside; and that in September he finished this house ready for the roof; *Held*, That he did *not* in good faith make such actual and permanent improvements upon the land as are required by chap. 156, Sess. Laws 1855.

2. SAME. Whether an improvement is of such a character as is contemplated and required by the law, must be determined from all the circumstances.

3. SAME: EVIDENCE. Applications for the pre-emption of swamp lands under chapter 156 of the laws of 1855, must be heard and determined upon proof other than the applicant's affidavit.

*Appeal from Decatur District Court.*

---

1. *Kinncar* v. *Decatur County*, was determined by the opinion in this case. Judgment affirmed.

THURSDAY, OCTOBER 13.

This was a proceeding commenced before the County Court, to pre-empt a certain parcel of the swamp or overflowed lands, subject to entry in said county. The plaintiff's right was denied in the County Court, and he appealed to the District Court. On the hearing in that court, the following facts were established: About the 1st of July, 1857, plaintiff entered upon the land, cleared off a small piece of ground, say one-eighth of an acre, making sufficient room to lay the foundation of a house and work about the same; that a house 14 by 16 was raised four or five rounds high; that in September following, this house was finished ready for the roof; that this was all the work done on the land; that plaintiff first resided in Leon, Decatur county, (a distance of ten miles from the land) in May, 1857; and continued there until August following, when he left for Muscatine county, in this State, where he still resides; that he is a carpenter by trade. Upon these facts the court held that plaintiff was not entitled to pre-empt the land, and from this order he appeals.

*J. W. Warner*, for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—The petition was filed in the County Court on the 11th of August, 1857, and the cause heard in the District Court, November 24th, 1858. At the time of the application to pre-empt, about one-eight of an acre was cleared and four or five rounds of a house put up. Petitioner did not reside upon or near the land; nor has he since that time made a settlement upon it, or made further improvements indicative of a *bona fide* intention to make a claim, other than to raise the house ready for the roof. On the 1st of September, he appealed to the District Court, but before this he had left the county and gone to Muscatine, where he has since continued to reside. Under these circumstances,

we think the District Court properly found that the petition-
er had not in good faith made an actual settlement or
improvement upon the land, and as a consequence, properly
overruled his application.

The language of the law is, that any person who shall have
a *bona fide* claim, by actual settlement or improvement upon
any of the swamp or overflowed lands in this State, shall be
allowed to enter the same by paying the sum of, &c.    To
entitle him to thus enter, he is to prove his claim, to the satis-
faction of the proper county judge, by any testimony which
shall be satisfactory to such judge.    Any person aggrieved
by the decision of the County Court, may appeal to the Dis-
trict Court, "which shall make such decision in the premises
as justice and equity may require."    Chap. 156, Laws 1855,
sec's 9, 10 and 12, pages 230–1.

The District Court is to be satisfied by testimony in the
same manner as the County Court, and each tribunal is to be
satisfied, not that the applicant has an actual settlement
or improvement, but that the claim thereby made, is *bona
fide*, or in good faith.    There is no pretense for the position
that in this case there was an actual *settlement*.    The testi-
mony tends to show there was some *improvement*, but at the
time of filing the petition it was very slight indeed, and ta-
ken in connection with subsequent circumstances, is far from
showing that it was made with the *bona fide* intention of
being substantial, permanent, actual in its character.    The
word "actual" as here used in connection with an improve-
ment, means more than an improvement in name.    The lay-
ing of the foundation of a house is in one sense an improve-
ment; but whether it is actual, that is, real; whether it is an
improvement which exists, or is made truly and for the
purpose contemplated by the law, must be determined from
all the circumstances.    The law was made for the benefit of
actual settlers—those making actual improvements—those
who entered upon these lands with the *bona fide* purpose of
making themselves homes, or reclaiming them for the pur-
pose of actual cultivation or improvement.    This intention

and this character of improvement was not shown in this case.

It is urged, however, that claimant's affidavit shows an entry in good faith, and other improvements, besides those testified to by the witnesses introduced by him. So far as the affidavit speaks of specific improvements, it shows the same work, and only the same, testified to by the witnesses. It refers to improvements generally; as, "that he has a *bona fide* claim and improvement;" that the building "is being put up of good and substantial material," and the like; but so far as relates to the actual *bona fide* character of the settlement or improvement, it shows no more than was established by the witnesses. But whatever may be stated in the affidavit, the law contemplates that the matter is to be heard upon proof. His claim is to be proved to the satisfaction of the court, by testimony. If the proof does not satisfactorily establish his right, the claim should be denied, notwithstanding the averments of the petition. The petition is in the nature of a statement of plaintiff's cause of action, and is the predicate for calling into exercise the jurisdiction of the tribunal. If not sustained, the relief asked, should be denied.

Judgment affirmed.