P. C. RAGSDALE V. F. GOHLKE AND ANOTHER.

1. When a person, by words or conduct, willfully causes another to believe a certain state of things, and induces him to act on that belief, so as to alter his previous position, the former is concluded, as against the latter, from averring that a different state of things existed.

2. The plea of " not guilty " in an action of trespass to try title is an answer to the entire petition, and entitles the defendant to prove any defense, whether legal or equitable. The defendants in the present case proved representations of the plaintiff which are deemed to estop the latter from claiming the land in controversy, as against the defendants.

3. To enable a defendant to recover compensation for improvements made in good faith, it is necessary that he should aver that he entered under claim of title. (Powell *v.* Davis, 19 Texas, 382, cited by the court.)

APPEAL from De Witt. Tried below before the Hon. Henry Maney.

The case is sufficiently disclosed by the opinion.

*Moore & Shelley*, for the appellant.

*Lackey & Stayton*, for the appellees.

WALKER, J. This is an action of trespass to try title, in which large damages are claimed for the destruction of timber.

The plaintiff below set up title for six hundred and forty acres of land, patented to ·him as the assignee of James C. Duff.

The defendants filed a plea of the general issue, and also plead the statutes of three, five, and ten years' limitation. These answers were filed on the 1st day of April, 1869. On the following day, the plaintiff amended his petition, claiming rents and profits. At the September term following, the defendants both disclaimed title to all the land, except one hundred and seventy-seven acres, known as the Sheppard labor. The plaintiff excepted generally and specially to the defendants' answers, setting up limitation, possession in good faith, and permanent improvements; these exceptions were overruled by the court. The case was tried to a jury, resulting in a verdict for the defendants, on which judgment was entered, taxing the whole cost of suit to the appellant; and from this judgment the appeal is taken. We think both the law and equity of the case were with the defendants.

In the view we take of this case, there has been no error committed of which the appellant has a right to complain. We apply the doctrine laid down by Lord Denman in Pickard *v.* Sears, Eng. C. L. Rep., Vol. XXXIII., p. 117, and quoted and relied on as the true and correct rule of decision in Love *v.* Barber, 17 Texas, 318, and in Walker's Administrator *v.* Livingstone *et al.*, 3 Texas, 93.

It is sufficiently clear from the evidence both of White and

Hamilton, that the appellant was in complicity with Bailey, and took from him a power to float the Sheppard certificate, after Bailey had parted with all the title which he had, for the land in controversy, to Metz. And it is further made sufficiently clear by the evidence that Ragsdale declared Bailey's title to be good, in the presence of and to the appellees themselves, as well as to other persons, both before and after their purchase from Metz, disclaiming any interest himself in the land now in controversy.

Mr. Justice Lipscomb, in the case of Love v. Barber, remarks, quoting in part from Lord Denman : " The doctrine of an es- " toppel, not of record or under seal, called an estoppel *in pais*, " was left for a considerable time in a state of perplexity and un- " certainty. It is, however, believed that various adjudications " have settled the doctrine on principles easy to be understood. " Nowhere has it been more concisely and clearly laid down " than by Lord Denman in the case of Pickard v. Sears, Eng. " C. L. Rep., Vol. XXXIII., p. 117. He says, ' that the rule of " ' law is clear that when one, by his words or conduct, willfully " ' causes another to believe the existence of a certain state of " ' things, and induces him to act on that belief, so as to alter his " ' own previous position, the former is concluded from averring " ' against the latter a different state of things, as existing at " ' the same time ; and the plaintiff in this case might have " ' parted with his interest in the property by a verbal gift or sale, " ' without any of those formalities that throw technical ob- " ' stacles in the way of legal evidence.' (See Walker's Admin- " istrator v. Livingston *et al.*, 3 Texas R., 93.) This rule is " much to be admired for its simplicity, its briefness, and it yet " being expressive of the whole doctrine on the question."

It is a sufficient answer for the first assignment of error that a plea of the general issue answered the whole petition, and entitled the appellees to offer any defense under it, in law or equity, which they had. (See Paschal's Digest, Article 5307, Styles v. Gray, 10 Texas, 503, and Hunt v. Turner, 9 Texas, 387.)

It was sufficient, and indeed was necessary, that the appellees should aver a title from some person competent to make them a title, before they could claim for improvements made in good faith. (Powell *v.* Davis, 19 Texas, 382.)

As to the question of costs, it does not appear that the defendants, by not disclaiming to the whole of the six hundred and forty acres, have made the costs more onerous than they must necessarily have been in litigating the title to the one hundred and seventy-seven acres. We are unable to see any good reason why the court should have excluded from the jury the deed from Metz to Gohlke, or the deed from Bailey to Metz. These were the muniments, in part, of the title of the appellees. Nor do we think it was error to exclude the certificate of the Commissioner of the Land Office, and the deeds from Bailey to Hally and Turnham. These deeds did not cover the whole of the land at one time owned by Bailey, and did not in the least disprove or invalidate the title of the appellees to the one hundred and seventy-seven acres claimed by them.

In a case so stubbornly and gallantly contested as this has been, it is but fair to remark that the rulings and judgment of the District Court adhere closely to the principles of the law throughout, and are certainly free from bias and prejudice.

We think both the law and the equity of the case have been attained, and we affirm the judgment of the District Court.

Affirmed.