## COLLINS v. THE COUNTY OF DALLAS.

1. **Swamp Lands:** PRE-EMPTION. Where one applied to the county
judge to pre-empt a tract of swamp land and subsequently filed proofs
of his improvements, at the same time tendering the pre-emption price
which the county judge refused to receive, on the ground that the county
had had as yet no title to the lands, and the pre-emptor continued in
good faith to occupy the same, *held*, that upon tender to the county of
the price he was entitled to a deed.

2. ———: ———: LIMITATION. The title of the county not being quieted
until 1873, and the pre-emptor having been in continued possession six-
teen years prior thereto, and also subsequently until the commencement
of his action two years later, it was *held* that it was not barred by the
statute of limitation.

*Appeal from Dallas District Court.*

THURSDAY, OCTOBER 19.

THE plaintiff claims that on the 25th day of June, 1857, he
made proof of improvement upon the east half of the south-
west quarter of section nineteen, in township No. eighty, range
No. twenty-six, before L. D. Burns, the county judge of Dal-
las county, by testimony fully satisfactory and in accordance

with the law and the rulings of the county judge, that he then offered to pay the pre-emption money, and has ever since been ready and willing to pay into the county treasury the sum of money required to be paid under the pre-emption laws for said land.  Plaintiff tenders the sum of one hundred dollars, and asks that defendant be required to deed him the land in controversy.

The court granted the plaintiff the relief asked.   Defendant appeals.

*Callvert, Macy & Smith* with *North & Woodin,* for appellant.

*Perkins & Barr* and *Nourse & Kauffman,* for appellee.

DAY, J.—I.   The testimony in this case quite clearly shows that on the 22d day of May, 1857, the plaintiff applied to L.

<p style="margin-left:2em"><strong>1. SWAMP lands: pre-emption.</strong></p>

D. Burns, the County Judge of Dallas county, to pre-empt the land in question under the provisions of the law then in force relative to the sale and disposition of swamp lands granted to the counties.   Revision, sections 973, 974 and 975.   On the 25th day of June, 1857, he filed the proper proofs of his improvement, and became entitled to a certificate of pre-emption upon the payment of one dollar and twenty-five cents per acre.   At the time of filing the proofs, plaintiff offered to pay and insisted on paying the pre-emption price. The county judge refused to accept the money, saying that the county had no title to the lands and could not make a deed; that it might be some time before the county could make a deed, and if it never made a deed plaintiff would only get his money back without interest, and that he should be notified in time.   Plaintiff has always been ready and willing to pay the pre-emption price, and has offered to do so several times. He went before the board of supervisors in January, 1871, and asked for a deed and talked about the matter with the board.   In January or April, 1875, he made the board a tender of the amount due.   On the 1st day of September, 1875, he commenced this action, and deposited with the clerk of the District Court one hundred dollars as a tender.   The title to

the land was quieted in the defendant on the 12th day of December, 1873.

Under the facts established we think the plaintiff is entitled to a conveyance of the land in dispute. Section 974 of the Revision provides that any person desirous of perfecting his claim, and of receiving the benefit of a pre-emption right to any swamp lands, shall be entitled to the same by proving his claim, within the time specified, to the satisfaction of the proper county judge, by any testimony which shall be satisfactory to said judge. The plaintiff made this proof. He then became entitled to the benefit of a pre-emption right. He was ready and offered to pay for the certificate, and has ever since been ready and willing to do so. The county judge refused to receive the sum tendered, simply because the title to the land was in dispute. The plaintiff seems to have acted in good faith, and we do not see why he should be denied the benefits of the provisions of the pre-emption statute, which seem to have been intended to facilitate the acquisition of homes, and to encourage the improvement and settlement of the swamp lands.

II. It is urged, however, that plaintiff's remedy is barred by the statute of limitations. We think it is not. Ever

2. —: —: since 1857 the plaintiff has been in possession of limitation. between one and two acres of this land, and has cultivated it. During the whole period he seems to have been asserting his claim to the land. The title of the county was not quieted till December 12th, 1873, and in January or April, 1875, plaintiff tendered to the board of supervisors the price of this land, and demanded a conveyance. On the 1st of September, 1875, he commenced this action.

We feel quite well satisfied that he is entitled to the relief granted by the court below.

AFFIRMED.