## BRIGGS v. JASPER COUNTY.

1. **Swamp Lands:** PRE-EMPTION: ESTOPPEL. Where an action was instituted to quiet plaintiff's title to lands held under a certificate of pre-emption given twenty-two years before, plaintiff having purchased the land in good faith and made valuable improvements thereon, it was *held* that the county was estopped to set up as a defense fraud in the procurement. of the certificate by the party under whom plaintiff claimed.

2. ———: ———: SPECIFIC PERFORMANCE. If the action were to be treated as one for specific performance, the county could not successfully plead fraud in the procurement of the certificate, because it rested upon its rights without notification to plaintiff, and permitted him to make improvements without such notification.

*Appeal from Jasper District Court.*

### FRIDAY, OCTOBER 25.

ACTION in equity. The petition states that the defendant, by the then county judge, issued to one Wilson a pre-emption certificate (which is made a part of the petition) covering certain described land, which at that time was swamp land, belonging to the county; that said certificate has been assigned to and is the property of the plaintiff; that he, "in the spring of 1870, took possession of said land, improving and cultivating the same in virtue of his ownership of said certificate, and claimed to own said land, and held and improved the same, with knowledge of the defendant;" * * * and during the years 1870 and 1871 the "plaintiff placed upon said land permanent improvements to the value of four hundred dollars, without objection by the defendant."

The relief asked by the plaintiff is that "his title to said land be quieted; that the defendant be held estopped and forever enjoined from claiming or asserting title to said land; that the proper officers of the county be requested to convey said land to the plaintiff, and * * * for general relief."

The answer admitted the issuance of the certificate of pre-

VOL. XLIX—31

emption, and the plaintiff's ownership thereof, but insists plaintiff is not entitled to the relief asked, because—

"The said certificate so held by the plaintiff was obtained through fraud in this, to-wit, and the defendant avers the same to be true, that the said W. T. Wilson never made the statutory settlement or improvements on the said land that would entitle him to a certificate of pre-emption; and the said certificate was fraudulently obtained, because there was no improvement or settlement on said land; and after the obtaining of said certificate, said Wilson, and no one for him, or for his immediate assignee, Bicknal, occupied or improved the said land during any portion of the time that they or either of them were the owners or holders of said certificate, and the same reverted to the county; that neither Wilson nor Bicknal ever resided upon said land, and neither were ever residents of Jasper county, except about the time the certificates were obtained by Wilson, when he was here a short time, but moved out of the county, and has never looked after the land since.

"And further answering the defendant says, by reason of the fraud and misrepresentation practiced upon the county by the said Wilson, at the time of obtaining his certificate, without residence, and no improvement or settlement being made on the same, and by reason of the abandonment of the same by him the said land reverted to the county, relieved of the cloud by reason of the issuance of the said certificate."

The defendant asked that the answer be taken as a cross bill, and that a decree be entered setting aside said certificate, and for general relief.

To the answer there was a demurrer, which was overruled, and the plaintiff appeals.

*J. C. Cook* and *Wright, Gatch & Wright*, for appellant.

*Smith & Wilson*, for appellee.

SEEVERS, J.—The certificate of pre-emption was issued under the provisions of sections 973, 974 and 975 of the Revision.

1. SWAMP lands: pre-emption: estoppel. It is suggested the certificate is void because it was not issued within ninety days after the first day of March, 1855, as provided in section 973. This proposition is not tenable, because section 974 provides that the provisions of 973 are extended to any person "who shall hereafter acquire a *bona fide* claim," if the same is proved up within sixty days after acquiring the same.

The certificate is in due form of law, and vests in the plaintiff the right to pay for the land the stipulated price and obtain a title thereto, unless the matters alleged in the answer are sufficient to bar his right. This proposition we do not understand counsel for the appellee to seriously question. In fact it has been substantially so ruled in *Collins v. Dallas County*, 44 Iowa, 396, and *Walker v. Plumer*, Id., 406.

It was held in *Givens v. Decatur County*, 9 Iowa, 278, in a case appealed from the county court, that it was an essential requisite, before a party was entitled to a pre-emption, that he should have a *bona fide* claim, settlement and improvement. And in *Rogers v. Vass*, 6 Iowa, 405, it was held, in an action between two claimants to the right of pre-emption, that the fact that one of them had no such claim and improvement could be shown, notwithstanding a certificate had been granted in due form of law by the county judge. As between such persons, therefore, the certificate does not amount to an adjudication which is conclusive as to them.

Conceding the same rule applicable to counties, what are the rights and equities between these parties? The certificate was granted in 1856, more than twenty-two years before this action was commenced, and of course more than said time had elapsed before the answer was filed, which is pleaded not only as a defense, but it is made a cross-petition, and affirmative relief is asked; which relief makes the answer in legal effect an action to rescind and set aside the certificate and

contract because fraudulently obtained.    A short time before the action was brought the defendant for the first time denied the plaintiff's right to a conveyance and claimed title in itself.

In the absence of any showing that the fraud was first discovered at some later period, it must be presumed that it was known at the time it was committed, and a right of action then accrued to rescind or set aside the certificate or contract.

It is not material that the plaintiff has not pleaded the statute of limitations, because an action to rescind or set aside a contract must be brought promptly; that is, within a reasonable time, depending on the subject-matter and circumstances surrounding the transaction.    No general rule, applicable to all cases, can be laid down, but in each a rule must be established peculiar to itself.    Nor will equity enforce a stale demand.

During this long period of silence on the part of the defendant the plaintiff purchased the certificate, and more than eight years previous to the bringing of this action entered into possession under and by virtue of the certificate, and under a claim of right, and improved the land with the knowledge of the defendant—permanent improvements being made thereon by him, to the value of four hundred dollars, without objection by the defendant.

Now, for the first time, substantially when this action was brought, the defendant denies that the plaintiff is entitled to said premises, and seeks, as we have said, to defend on the ground of fraud.    We think the defendant is estopped from so doing.

It is now sought to establish that more than twenty-two years ago the party under whom the defendant claims did not have a *bona fide* settlement, claim and improvement on said land.    To permit this to be done, under the circumstances of this case, would not be equitable or in accord with the principles of justice.

Substantially it may be said this action is brought to

.Briggs v. Jasper County.

obtain the specific performance of the contract executed by 2. ——: ——: the county judge. Such being the case, it may be said the defendant may resist such performance on the ground the contract was fraudulently obtained. This is undoubtedly true, unless it would be inequitable to permit the defendant to do so. Knowing the contract was outstanding, and liable to be sold on the market for the period of time above stated, the defendant in strictness might with propriety be required to have brought an action to have it set aside. But if this is not so, the plaintiff went into possession and made improvements with the knowledge of the defendant. Such possession and improvement were made some years before this action was commenced, and we are constrained to think the defendant should have promptly notified the plaintiff of the claim now made that the contract had been obtained by fraud, and that the defendant would resist a conveyance. In the absence of any such notice we think the plaintiff had the right to suppose no such defense as that now interposed would be made. He was justified, therefore, in continuing to make improvements on the land from time to time, as he saw proper, with the thought he would obtain a title to the land, and thus obtain the benefit of his improvements.

*specific performance.*

A specific performance will be granted or withheld according to the circumstances of each particular case, and in the exercise of a sound and reasonable discretion. 2 Story's Equity Jurisprudence, § 742. Believing, as we do, that under the facts of this case as presented in the record the defendant should be estopped from setting up fraud in obtaining the contract, it follows, we think, the plaintiff is entitled to the relief asked in the petition. Such being our opinion we have not deemed it necessary to determine the questions growing out of a taxation of the premises.

It is well said in *Styles v. Gray*, 10 Texas, 503: "It is too much to require that the patentee (holder of the certificate) and those claiming under her should be called upon, through

all time, to show that every legal requisite had been complied with, and particularly to be called upon to show that proofs had been made in cases depending upon verbal or parol evidence of which no record was kept or required by law."

The certificate was conditioned that the pre-emptor, or those claiming under him, should pay for the land whenever the title of the county was confirmed, of which fact public notice should be given. There is no showing that any such notice has ever been given, therefore the plaintiff has not been guilty of laches.

It is claimed in the answer that by reason of the fraud the title or right of the pre-emptor reverted to the county. This, we believe, is not insisted on in argument. It is, therefore, sufficient to say we do not believe the pre-emptor could or did lose his right by reason of the fraud. The certificate was voidable only at the election of the county.

It is insisted that in order to constitute a valid pre-emption there must be "continuity of possession" until the title is perfected by a conveyance. We do not think the statute so requires. The *bona fide* claim, settlement and improvement duly proved up, and the certificate required by law, without more, entitle the pre-emptor to the land at the price fixed by law.

REVERSED.