PRODUCERS' OIL CO. v. BEAN & MARKOWITZ.

(Court of Civil Appeals of Texas. Ft. Worth. April 6, 1912. Rehearing Denied May 11, 1912.)

EVIDENCE (§ 175*) — BEST AND SECONDARY EVIDENCE—RECORD OF DEED—PREDICATE.

In the absence of a proper predicate, secondary evidence, in the form of the record of a deed, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 561, 565, 568, 569; Dec. Dig. § 175.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by Bean & Markowitz against the Producers' Oil Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Taylor & Jones, of Henrietta, for appellant. Mathis & Kay, of Wichita Falls, for appellees.

---

DUNKLIN, J. The Producers' Oil Company prosecutes this appeal from a judgment against it, as defendant, rendered by the district court of Clay county in favor of Bean & Markowitz, as plaintiffs, for $500 recovered as damages to a tract of 179⁸/₁₀ acres of land alleged to belong to plaintiffs, by reason of an overflow of salt water from a gas well drilled by defendant on adjoining land.

But one assignment of error is contained in appellant's brief, and by that assignment the contention is presented that the court erred in refusing to admit in evidence the record of a deed appearing in the record of deeds of Clay county and offered by defendant. The deed shown by the record purports to be a conveyance by plaintiff Markowitz to plaintiff Bean of the entire title to the land, which plaintiffs allege was damaged, for an expressed consideration of $1,667.92. Appellant insists that this evidence was admissible as tending to discredit the testimony of both the plaintiffs that at the time of the overflow in question the land was worth on the market $50 per acre, and that it was admissible for the further purpose of showing that plaintiff Markowitz owned no interest in the land at the time of the trial. There seems to be no statute making deed records admissible in evidence. If by any rule of common law they are admissible under certain circumstances (Styles v. Gray, 10 Tex. 503; Hardin v. Blackshear, 60 Tex. 135), nevertheless they are secondary evidence only, and, as no proper predicate was established for the introduction of the deed in question, plaintiffs' objection thereto for that reason was properly sustained.

The judgment is affirmed.