## HIX v. BILLINGSLEY et al.

### No. 11771.

Court of Civil Appeals of Texas. Galveston.

May 23, 1946.

Rehearing Denied June 13, 1946.

Eades & Eades and Eric Eades, Jr., all of Dallas, for appellant.

J. D. Pickett, of Palestine, for appellees.

CODY, Justice.

Appellees brought suit against one Saul Rabenowitz, appellant William Hix, and one Weiner (hereafter sometimes referred to as defendants) on a promissory note for the principal sum of $1,200, which was executed by the R. H. & W. Oil Company and by said Rabenowitz, on December 23, 1940, and which was payable to the order of appellees on demand. Judgment was rendered that appellees take nothing as against said Weiner but that they recover judgment for $1,954.32 against the said Rabenowitz and appellant, jointly and severally. The judgment also disposed of cross-actions by the defendants. Hix only has appealed, and he appealed only from so much of the judgment as was rendered against him in the main action.

Appellees sued the defendants, alleging that they were partners under the name of R. H. & W. Oil Company, and then, descending to particular allegations, alleged that defendants formed a mining partnership and that, being engaged in drilling a well to a depth of 5500 feet on a block of leases held in escrow for them until the well was drilled to the prescribed depth (unless production was obtained at a lesser depth), and being without money to complete the well, and being indebted to the drilling crew, they, the defendants, obtained a loan from appellees to pay the crew and other necessary expenses, and gave the note sued on in evidence of their debt to appellees. Appellees alleged that under the terms of the partnership agreement it was Weiner's obligation to finance the drilling of the well. Also, that prior to the execution of the note, Weiner had employed Hix (hereafter referred to as appellant except where he is referred to as one of the defendants) to effect arrangements for drilling the well, and to raise funds therefor, under the direction of the said Weiner. That appellant, pursuant to his contract as agent of said Weiner, requested and importuned appellees to make the loan, stating to appellees in connection with the solicitation of the loan that they (defendants) would give appellees a promissory note therefor. That the loan was made December 23, 1940, and the note here sued on then and there given. That the money so obtained was placed in the bank to the credit of the partnership, and in the partnership name. That if Weiner and appellant did not specifically authorize Rabenowitz to sign their names to the promissory note, they are none the less bound thereby "because the said Hix was present and personally assisting and supervising the drilling of said well, and was under contract with Weiner to devote his time, energy and talents to the raising of funds to defray all cost of drilling said well and to see that the drilling of the same was prosecuted diligently and effectively, and had promised the plaintiffs that if they would make a loan to meet their pay roll needs that the defendants would execute a note to cover the sum loaned, and the plaintiffs knew of the said Hix's relationship to the other defendants and to the drilling enterprise and knew of his duties and obligations, and when said note was exhibited to them (appellees) they believed that the same had been executed by said defendants or by the defendant Rabenowitz pursuant to authority of Weiner and Hix,—and relying upon such representations and relationships, they made the loan on the faith and credit of said note. That the proceeds of said loan were actually used by said defendants to pay for labor used in drilling the well and for other expenses incident thereto, all with the knowledge and acquiescence of the said Weiner and Hix. * * *"

Appellant pled non est factum, and denied partnership under oath. His other pleadings are not of consequence on this appeal.

The nature of the judgment is sufficiently indicated above.

In response to appellant's request, the court filed conclusions of fact and law, which are lengthy, covering 13 pages in the transcript. So much of said conclusions as are material to the disposition we make of this appeal will be referred to hereinafter.

Appellant predicates his appeal on eight points. His first four points present that the evidence established or failed to show the following:

(1) That it failed to show appellant was a partner of Rabenowitz, the signer of the note.

(2) That it established appellant was an employee of Weiner, and at no time owned any present, vested interest in the properties of the partnership.

(3) That it failed to show appellant was a "mining partner" of Rabenowitz.

(4) That it established appellant was not a cotenant or joint owner with Rabenowitz or Weiner in any of the properties, and that his interest was contingent only.

By his fifth point appellant urges that, if he is shown to be a mining partner with Rabenowitz, it is well settled that a mining partner is without authority to bind the mining partnership on a promissory note.

By his seventh and eighth points appellant presents: (1) That appellees did not plead estoppel or any facts that constitute estoppel, and (2) that, to the contrary, appellees' pleadings expressly negatived any theory of estoppel, and the undisputed evidence was insufficient to support any finding of estoppel.

By his sixth point appellant complains that, where it appears Weiner was also sued as being a partner, it was error for the court to find that he and Rabenowitz were partners, and to render judgment against them, and to find that Weiner was not a partner, and to release him from liability.

It is clear that there is no issue in this case of any general partnership between Rabenowitz, who executed the note sued on, and appellant. Indeed, when appellees descended to particular allegations charging partnership, such particular allegations merely alleged the existence of a mining partnership between the defendants sued. Appellees state at the outset of their brief that the judgment here under review was not rendered on the theory that a general partnership existed. But that the judgment was rendered against appellant only because his conduct prior and subsequent to the execution of the note bound him in equity to pay it. Appellees further state: "The view that appellees take, and that they took during the trial of the case, is and was that the question of mining partnership or not was merely an evidentiary issue; that is, that the proof of the existence of a mining partnership between the two defendants would be relevant on the ultimate issue of estoppel." The effect of appellees' admissions is to concede that the judgment against appellant on the note can be sustained only upon the basis of estoppel.

Indeed, it was early held in Texas, that mining partnerships are non-trading in character, and that the individual members of the firm are without power to pledge the credit of the firm unless the power be given otherwise than by implication from the ordinary nature of the business. Randall v. Merideth, 76 Tex. 669, 683, 13 S.W. 576. This holding was approved in an opinion adopted by the Supreme Court in which, so late as 1926, it was still possible to say "mining partnership cases in Texas are very rare." Munsey v. Mills & Garrity, 115 Tex. 469, 283 S.W. 754, 761.

If appellant was liable on the note such liability must be based on the doctrine of estoppel. The court's finding that the R. H. & W. Oil Company in fact constituted a mining partnership between all the defendants until about December 10, 1940,

and between Rabenowitz and appellant thereafter and at the time the note sued on was executed on December 23, 1940, would not be sufficient to support a judgment against appellant on the note. And this is so if it be conceded that the evidence were sufficient to support such finding. See the Randall and Munsey cases, supra. It would therefore serve no useful purpose to review the extensive evidence upon which the court concluded that the R. H. & W. Oil Company constituted a mining partnership on the date the note was executed. At least this is so unless such finding is essential to support the court's judgment against appellant, based on estoppel.

Appellees' allegations are set forth above sufficiently to show that they among other things, set up facts which, if true, estopped defendants from denying liability on the note. The defendants, inclusive of appellant, levelled no exceptions at said allegations. In the early case of Love v. Barber, 17 Tex. 312, 318, the court approved this language: "That the rule of law is clear that when one by his words or conduct, wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things, as existing at the same time: * * *". See also Ragsdale v. Gohlke, 36 Tex. 286, 288. There was evidence to support the court's findings that a permit was issued to defendants to drill the well in the name of the "R. H. & W. Oil Company", and that Rabenowitz, appellant and Weiner used the initials of their respective names as the name of the company, and that such use of said name was with the knowledge and consent of each of them. That there was a sign identifying the well as being drilled by the R. H. & W. Oil Company, and that appellant was in actual charge of the drilling. The defendants carried an account in the bank in the company name, which had first been carried in the name of Weiner. While this was the only promissory note executed in the name of the company, the defendants had jointly signed other notes given in connection with promoting the drilling of the test well. Without detailing the other evidence, we find it sufficient to support the court's finding of fact bearing on the issue of estoppel. The court found, "That the defendant William Hix, by his said representations to Billingsley and having solicited the loan for himself and associates and obtained said loan in the way and manner above found, and having knowledge of how such note had been executed and signed; and such $1,200.00 having been deposited to the credit of R. H. & W. Oil Company in such bank and by Rabenowitz and Hix paid out on the obligations of R. H. & W. Oil Company —the said Hix is estopped to deny his liability for the payment of said note. * * *"

Appellant's point six is not supported by the citation of any authority and is, we believe, without merit.

We overrule appellant's points, and affirm the judgment.

Affirmed.